**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CITY OF RIVIERA BEACH GENERAL EMPLOYEES RETIREMENT SYSTEM, on behalf of itself and all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>MACQUARIE INFRASTRUCTURE CORPORATION, JAMES HOOKE, JAY DAVIS, LIAM STEWART, and RICHARD D. COURTNEY,<br><br>    Defendants. | Civil Action No. 1:18-cv-03608-VSB |
| DANIEL FAJARDO, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>  v.<br><br>MACQUARIE INFRASTRUCTURE CORPORATION, JAMES HOOKE, JAY DAVIS, LIAM STEWART, and RICHARD D. COURTNEY,<br><br>    Defendants. | Civil Action No. 1:18-cv-03744-VSB |

**MEMORANDUM OF LAW IN SUPPORT OF JAMES GOETZ'S**
**MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT**
<u>**AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL**</u>

**TABLE OF CONTENTS**

I.     PRELIMINARY STATEMENT ............................................................................................... 1

II.    PROCEDURAL BACKGROUND.......................................................................................... 1

III.   STATEMENT OF FACTS ...................................................................................................... 2

IV.   ARGUMENT ........................................................................................................................... 3

   A.   THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS........................... 3

   B.   MR. GOETZ SHOULD BE APPOINTED LEAD PLAINTIFF ........................................ 4

      1.   The PSLRA's Procedural Requirements............................................................................ 4

      2.   Mr. Goetz is the "Most Adequate Plaintiff" ..................................................................... 5

   C.   THE COURT SHOULD APPROVE MR. GOETZ'S SELECTION OF LEAD
      COUNSEL ............................................................................................................................ 7

V.    CONCLUSION........................................................................................................................ 8

# **TABLE OF AUTHORITIES**

**Cases:** Page(s)

*Ellenburg v. JA Solar Holdings Co.*,
    262 F.R.D. 262 (S.D.N.Y. 2009) ........................................................................................... 5

*Erica P. John Fund, Inc. v. Halliburton Co.*,
    131 S. Ct. 2179 (2011) ........................................................................................................... 8

*Ferrari v. Impath, Inc.*,
    No. 03-cv-5667, 2004 WL 1637053 (S.D.N.Y. July 20, 2004) ............................................... 6

*Glauser v. EVCI Career Colls. Holding Corp.*,
    236 F.R.D. 184 (S.D.N.Y. 2006) ........................................................................................ 3-4

*Halliburton Co. v. Erica P. John Fund, Inc.*,
    134 S. Ct. 2398 (2014) ........................................................................................................... 8

*In re Eletrobras Securities Litigation*, No. 15-cv-05754-JGK (S.D.N.Y. Oct. 2, 2015)………….8

*In re Orexigen Therapeutics, Inc. Securities Litigation*,
    No. 15-cv-00540-JLS (S.D. Cal. June 22, 2015)………………...…………….…………..8

*In re Oxford Health Plans, Inc., Sec. Litig.*,
    182 F.R.D. 42 (S.D.N.Y. 1998) ............................................................................................. 5

*Irving Firemen's Relief and Retirement Fund v. Tesco PLC*,
    No. 14 Civ. 8495, 2015 WL 1345931 (S.D.N.Y. Mar. 19, 2015) ....................................... 7-8

*Kasper v. AAC Holdings, Inc.*,
    No. 15-cv-00923-JPM-jsf, 2017 WL 3008510 (M.D. Tenn. July 14, 2017) ........................... 7

*Micholle v. Ophthotech Corp.*,
    No. 17-CV-210, (VSB), 2018 WL 1307285 (S.D.N.Y. Mar. 13, 2018) ....................... 1, 3, 5, 7

*Primavera Familienstiftung v. Askin*,
    173 F.R.D. 115 (S.D.N.Y 1997) ............................................................................................ 3

*Rossini v. Ogilvy & Mather, Inc.*,
    798 F.2d 590 (2d Cir. 1986) ................................................................................................... 6

*Sczesny Tr. v. KPMG LLP*,
    223 F.R.D. 319 (S.D.N.Y. 2004) ........................................................................................... 6

*Sofran v. Labranche & Co.*,
    220 F.R.D. 398 (S.D.N.Y. 2004) ........................................................................................... 5

*Weinberg v. Atlas Air Worldwide Holdings, Inc.*,
    216 F.R.D. 248 (S.D.N.Y. 2003) ........................................................................................... 6

**Statutes:**

15 U.S.C. § 78u-4 ................................................................................................................. *passim*

**Rules:**

Fed. R. Civ. P. 42 ........................................................................................................................ 1, 3

I.  **PRELIMINARY STATEMENT**

James Goetz respectfully submits this memorandum of law in support of his motion pursuant to the Securities and Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act ("PSLRA") (15 U.S.C. § 78u-4(a)(3)(B)), for an order: (1) consolidating all related actions pursuant to Fed. R. Civ. P. 42(a); (2) appointing Mr. Goetz as Lead Plaintiff pursuant to the PSLRA; and (3) approving his selection of Kahn Swick & Foti, LLC, as Lead Counsel. *See generally Micholle v. Ophthotech Corp.*, No. 17-CV-210 (VSB), 2018 WL 1307285, at *10 (S.D.N.Y. Mar. 13, 2018) (Broderick, J.).

As evidenced in Exhibits A and B of the Declaration of Kim Miller in support of Mr. Goetz's motion ("Miller Decl."), Mr. Goetz suffered $288,492 in losses as a result of his purchases of shares of Macquarie Infrastructure Corporation common stock between February 22, 2016 and February 21, 2018, inclusive (the "Class Period"). To the best of his knowledge, his loss represents the largest financial interest of any investor seeking to be appointed lead plaintiff. In addition, Mr. Goetz satisfies the applicable requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and is presumptively the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

II.  **PROCEDURAL BACKGROUND**

The first lawsuit filed in this matter, captioned *City of Riviera Beach General Employees Retirement System v. Macquarie Infrastructure Corporation, et al.*, No. 18-cv-03608-VSB (S.D.N.Y), was filed in this District on April 23, 2018. An additional lawsuit was filed in this District on April 27, 2018, captioned *Daniel Fajardo v. Macquarie Infrastructure Corporation, et al.*, No. 1:18-cv-03744-VSB (S.D.N.Y.).

On April 24, 2018, the first notice that a class action had been initiated against Defendants was published on *PR Newswire*, a widely-circulated national business-oriented wire service,

1

advising members of the proposed Class of their right to move the Court to serve as Lead Plaintiff no later than June 25, 2018. *See* Miller Decl. Exhibit C; 15 U.S.C. § 78u-4(a)(3)(A)(i). Mr. Goetz has therefore timely filed this motion within the 60-day period following publication of the June 25, 2018 notice. *See id.*

### III.  STATEMENT OF FACTS

Macquarie Infrastructure Corporation ("Macquarie" or the "Company") trades on the New York Stock exchange under the ticker symbol "MIC," and owns and operates a portfolio of infrastructure and infrastructure-like businesses. ¶14[1]  Its portfolio consists of four segments, including International-Matex Tank Terminals ("IMTT"), which is the largest of the four segments, generating nearly half of Macquarie's earnings. ¶21.

Plaintiffs allege that, during the Class Period, Defendants made false and/or misleading statements and failed to disclose material adverse facts about the Company's business, operations, and prospects. *See* ¶¶22-23. Specifically, Defendants made false and/or misleading statements and/or failed to disclose the truth regarding IMTT's financial and operational positions with respect to its reliance on the heavy and residual oil market. *Id.* at ¶¶24-40. Macquarie also misled investors regarding its continuing ability to yield high dividends. *Id.* at ¶¶36-40.

On February 21, 2018, Macquarie revealed the truth of IMTT's dependence on heavy and residual oils. *See* ¶¶41-42. In an annual report filed with the SEC on Form 10-K that was filed after the close of trading, the Company acknowledged that IMTT's utilization rate had decreased significantly from the year before due to the non-renewal of a "half-dozen" residual and heavy oil contracts late in the year. *Id.* at ¶41. Defendants announced that the Company's fourth quarter

---

[1] All ¶ references are to the *City of Riviera* action.

earnings were well short of analysts' predictions and that they would be slashing its dividend in the coming year. *Id*. ¶¶41-42.

This news caused Macquarie's stock price to fall from $63.62 per share at the close of February 21, 2018 to $37.41 per share at the close of trading on February 22, 2018 – a 41% decline in value on a volume of 27.64 million shares traded. *Id*. at ¶43.

## IV.   ARGUMENT

### A.   THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS

Consolidation of securities class actions is appropriate where, as here, the actions involve common questions of law and fact. *See e.g.*, *Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y 1997). Courts have recognized that securities class actions, in particular, are ideally suited to consolidation pursuant to Fed. R. Civ. P. 42(a) because their unification expedites pretrial proceedings, reduces case duplication, avoids contacting of parties and witnesses for inquiries in multiple proceedings and minimizes the expenditure of time and money by all concerned persons. *See Primavera*, 173 F.R.D. at 129.

Here, the above-captioned actions (the "Related Actions") are ideally suited for consolidation. Both cases involve nearly identical allegations that the Company and the same key executives made false and misleading statements concerning the Company's business operations and financial strength during the Class Period. The Related Actions also involve common legal issues by asserting claims under §§ 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder. Furthermore, consolidation is appropriate in securities cases where the complaints rely on the same public statements by Defendants and, as here, allege the same proposed class period. *See Micholle*, 2018 WL 1307285, at *3 ("In securities actions in particular, district courts consolidate cases when complaints are based on the same set of public statements and disclosures and there are common questions of law or fact."); *Glauser v. EVCI Career Colls*.

*Holding Corp.*, 236 F.R.D. 184, 186 (S.D.N.Y. 2006) ("this Court has recognized that consolidation is particularly appropriate in the context of securities class actions if the complaints are 'based on the same public statements and reports.'"). Accordingly, this Court should consolidate the Related Actions.

    **B.**    **MR. GOETZ SHOULD BE APPOINTED LEAD PLAINTIFF**

        **1.**    **The PSLRA's Procedural Requirements**

The PSLRA sets forth a detailed procedure for the selection of a Lead Plaintiff to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B)(i). First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the class informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Here, notice was published notice on *PR Newswire* on April 24, 2018, indicating that applications for appointment as Lead Plaintiff must be made no later than June 25, 2018. *See* Miller Decl. Exhibit C. Within 60 days after publication of the required notice(s), any member or members of the proposed Class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in this action. *See* 15 U.S.C. §§ 78u-4(a)(3)(A-B).

Next, within 90 days after publication of the initial notice of pendency of the action, the Court shall appoint as Lead Plaintiff the movant that the Court determines to be the most capable of adequately representing the interests of class members. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i). In determining who the "most adequate plaintiff" is, the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that—
>
>     (aa)  has either filed the complaint or made a motion in response to a notice…

4

  (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

  (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. § 78u-4(a)(3)(B)(iii).  *See Ellenburg v. JA Solar Holdings Co.*, 262 F.R.D. 262, 265 (S.D.N.Y. 2009); *Sofran v. Labranche & Co.*, 220 F.R.D. 398, 401 (S.D.N.Y. 2004); *In re Oxford Health Plans, Inc., Sec. Litig.*, 182 F.R.D. 42, 43-44 (S.D.N.Y. 1998).

  The time period in which class members may move to be appointed Lead Plaintiff herein under expires on June 25, 2018.  *See* 15 U.S.C. §§ 78u-4(a)(3)(A-B).  Mr. Goetz therefore timely moves this Court for appointment as Lead Plaintiff.

### 2. **Mr. Goetz is the "Most Adequate Plaintiff"**

  Mr. Goetz purchased 8,500 shares of Macquarie common stock during the Class Period and incurred a substantial loss of over $288,000 on his transactions (Miller Decl. Exhibit B).  To the best of his knowledge, his *Dura*-compliant loss represents the "largest financial interest" in the relief sought by the class. *Micholle*, 2018 WL 1307285, at *5.

  In addition to possessing the largest financial interest, a proposed lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. *Ellenburg*, 262 F.R.D. at 267. Of the four prerequisites, only two—typicality and adequacy—apply at this stage of the proceedings.  *See id.*

Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a) and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See Sczesny Tr. v. KPMG LLP*, 223 F.R.D. 319, 323-24 (S.D.N.Y. 2004); *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003). As detailed below, Mr. Goetz satisfies both the typicality and adequacy requirements of Rule 23.

Typicality exists where "the claims…of the representative parties" are "typical of the claims…of the class." The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise from the same event or course of conduct that gives rise to claims of other class members, and when the claims are based on the same legal theory. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See Ferrari v. Impath, Inc.*, No. 03-cv-5667, 2004 WL 1637053, at *5 (S.D.N.Y. July 20, 2004).

Here, Mr. Goetz is typical because his claims are identical, non-competing and non-conflicting with the claims of the other putative class members. Mr. Goetz and all the other class members (1) purchased Macquarie securities during the Class Period, (2) purchased Macquarie securities in reliance upon the allegedly materially false and misleading statements issued by Defendants, and (3) suffered damages by purchasing artificially inflated securities and then suffered harm when the truth was revealed and the inflation was removed from the stock price. Thus, Mr. Goetz's claims are typical of those of other class members since his claims and the claims of other class members resulted from the same illegal practices.

A proposed lead plaintiff must also "fairly and adequately protect the interests of the class." *Micholle*, 2018 WL 1307285, at *6. The PSLRA directs courts to limit their inquiry regarding the adequacy of a proposed lead plaintiff to the existence of any conflicts between their interests, on the one hand, and the members of the class, on the other hand. *Id*. The standard for adequacy of representation under Rule 23(a)(4) is met by (1) the absence of potential conflicts between the named plaintiff and the other class members, and (2) the proposed class representative's selection of counsel can prosecute vigorously on behalf of the class. *See* 15 U.S.C. § 78u-4(a)(3)(B).

Here, Mr. Goetz is adequate. His interests are clearly aligned with the members of the class, and there is no evidence of any antagonism between the Mr. Goetz's interests and those of the other members of the class. Furthermore, as set forth below, Mr. Goetz has retained competent and experienced counsel to prosecute his claims.

### C. THE COURT SHOULD APPROVE MR. GOETZ'S SELECTION OF LEAD COUNSEL

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the proposed Lead Plaintiff shall, subject to Court approval, select and retain counsel to represent the class they seek to represent. Mr. Goetz has selected Kahn Swick & Foti, LLC ("KSF") as Lead Counsel, a firm that has substantial expertise in the prosecution of securities class actions in federal and state courts across the country. *See* Miller Decl. Exhibit D.

As a national law firm with offices in Louisiana, California and New York, KSF is well qualified to serve as Lead Counsel. *See* Miller Decl. Exhibit D; *see also Kasper v. AAC Holdings, Inc.*, No. 15-cv-00923-JPM-jsf, 2017 WL 3008510, at *15 (M.D. Tenn. July 14, 2017) (appointing KSF as class counsel at class certification, finding that it satisfied the requirements of Rule 23(g)). The firm has also recently been appointed as lead counsel by courts in this District. *See, e.g.*, *Irving Firemen's Relief and Retirement Fund v. Tesco PLC*, No. 14 Civ. 8495, 2015 WL 1345931

(S.D.N.Y. Mar. 19, 2015) (approving KSF as sole lead counsel); and (ii) *In re Eletrobras Securities Litigation*, No. 15-cv-05754-JGK (S.D.N.Y. Oct. 2, 2015); *see also In re Orexigen Therapeutics, Inc. Securities Litigation*, No. 15-cv-00540-JLS, slip op. at *6 (S.D. Cal. June 22, 2015) ("The Kahn Swick & Foti firm has extensive experience in the prosecution of securities class actions and it appears that it will adequately represent the interests of all class members.").

KSF also served as counsel to the lead plaintiff in the *Halliburton* securities litigation matter where KSF twice prevailed before the United States Supreme Court and obtained a $100 million recovery for the class there. *Halliburton Co. v. Erica P. John Fund, Inc.*, 134 S. Ct. 2398 (2014); *see also Erica P. John Fund, Inc. v. Halliburton Co.*, 131 S. Ct. 2179 (2011). Thus, the Court may be assured that in granting this motion, the class will continue to receive legal representation of the highest caliber.

## V. CONCLUSION

For all of the foregoing reasons, Mr. Goetz respectfully requests that this Court: (1) consolidate the Related Actions, (2) appoint Mr. Goetz to serve as lead plaintiff in the consolidated action; (3) approve Mr. Goetz's selection of KSF as lead counsel for the putative Class; and (4) grant such other and further relief as the Court may deem just and proper.

Dated: June 25, 2018　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　KAHN SWICK & FOTI, LLC

　　　　　　　　　　　　　　　　　　　　s/ *Kim E. Miller*
　　　　　　　　　　　　　　　　　　　　Kim E. Miller (KM-6996)
　　　　　　　　　　　　　　　　　　　　kim.miller@ksfcounsel.com
　　　　　　　　　　　　　　　　　　　　250 Park Avenue, Suite 2040
　　　　　　　　　　　　　　　　　　　　New York, New York 10177
　　　　　　　　　　　　　　　　　　　　Telephone: (212) 696-3730
　　　　　　　　　　　　　　　　　　　　Facsimile: (504) 455-1498

　　　　　　　　　　　　　　　　　　　　-and-

KAHN SWICK & FOTI, LLP

Ramzi Abadou (California Bar #222567)
(*pro hac vice application to be submitted*)
ramzi.abadou@ksfcounsel.com
912 Cole Street, # 251
San Francisco, CA 94117
Telephone: (504) 455-1400
Facsimile: (504) 455-1498

KAHN SWICK & FOTI, LLC

Lewis S. Kahn (LA Bar #23805)
(*pro hac vice application to be submitted*)
Alexander L. Burns (LA Bar #31076)
(*pro hac vice application to be submitted*)
Alayne K. Gobeille (LA Bar #33856)
(*pro hac vice application to be submitted*)
1100 Poydras Street, Suite 3200
New Orleans, LA 70163
Telephone: 504-455-1400
Facsimile: 504-455-1498

*Counsel for Movant James Goetz and Proposed Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 25, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all CM/ECF participants.

I further certify that I mailed the foregoing document and the notice of electronic filing via U.S. first-class mail to any non-CM/ECF participants.

s/ *Kim E. Miller*
KIM E. MILLER